UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANDREW J. MURRAY,

       Plaintiff,

  -v-                                                        19-CV-6453-FPG
                                                                ORDER
STATE OF NEW YORK and TROOPER C.
A. TORPEY,

       Defendants.
_____

## INTRODUCTION

*Pro se* Plaintiff Andrew Murray, an inmate at the Monroe County Jail, filed this civil rights action seeking relief under 42 U.S.C. § 1983. ECF No. 1. In Plaintiff's Amended Complaint now pending before the Court, he alleges that New York State Trooper Torpey subjected him to an illegal pat search, excessive force, and false arrest following a traffic stop where Plaintiff was a passenger in the stopped car. ECF No. 7 at 8-9.

Because Plaintiff is proceeding *in forma pauperis*, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), the Court is required to screen the Amended Complaint for sufficiency. For the reasons discussed below, Plaintiff's claims shall proceed to service against Defendant Torpey in his individual capacity.

## DISCUSSION

### I. Legal Standard

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action in

1

which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2).

In evaluating the Amended Complaint, the Court must accept all factual allegations as true and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 55 0 U.S. 544, 555 (2007) (internal quotation marks and citation omitted)); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in pro se cases after *Twombly*: "even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [pro se] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted pro se must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a

procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). A supervisory official can be found to be personally involved in an alleged constitutional violation in one of several ways:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.

## II. **Plaintiff's Allegations**

On February 8, 2019, Plaintiff was the passenger in "a blue BMW" when it was stopped by Torpey. ECF No. 7 at 8. Torpey "pulled" Plaintiff out of the vehicle, handcuffed him, and began conducting a search. *Id*. Plaintiff "voiced [his] disagreement" with the search by stating that he "was not involved with criminal activities." *Id*. Plaintiff was told "to keep [his] mouth shut or [he would] regret it because" he "now" had only "two traffic violations" but could receive "more charges." *Id*. Plaintiff, however, denied driving the vehicle. Torpey, "putting his gloves on[,] pulled the waistband of [Plaintiff's] pants out and reached his hand into [his] underwear and groped [his] penis and testicles" in view of other "service station patrons and onlookers." *Id*.

3

Plaintiff further alleges that Torpey "removed his hand and shoved [Plaintiff] into the vehicle." *Id*. at 9. He then pulled his service weapon and pointed in the direction of the onlookers," shouting "at them to move on [because] there's nothing to see." *Id*. Plaintiff was taken to Monroe County Jail, where he "was falsely arrested and booked on false charges of possession of drugs." *Id*.

### A. Unlawful Search Claims

Under the Fourth Amendment, individuals are guaranteed "[t]he right . . . to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "A person is seized by the police and thus entitled to challenge the government's action under the Fourth Amendment when the officer, by means of physical force or show of authority, terminates or restrains his freedom of movement, *through means intentionally applied*." *Brendlin v. California*, 551 U.S. 249, 254 (2007) (internal citations and quotation marks omitted). A traffic stop "must satisfy the Fourth Amendment's reasonableness limitation, which requires that an officer making a traffic stop have probable cause or reasonable suspicion that the person stopped has committed a traffic violation or is otherwise engaged in or about to be engaged in criminal activity." *United States v. Gomez*, 877 F.3d 76, 86 (2d Cir. 2017) (internal quotation marks omitted).

Although "an officer making a traffic stop may order passengers to get out of the car pending completion of the stop," the "probable cause to believe that the driver has committed a minor vehicular offense" does not extend to the passengers. *Maryland v. Wilson*, 519 U.S. 408, 413, 415 (1997). Therefore, there must be a "distinct basis to stop [a] passenger." *United States v. McCall*, No. 06CR14A, 2007 WL 1845584, at *7 (W.D.N.Y. June 21, 2007) (citing *Maryland*, 519 U.S. at 413-14).

Here, the basis for the "routine" stop appears to be unspecified traffic infractions. In the course of a lawful traffic stop and investigatory detention in which the passenger has been removed from the vehicle, the officer may conduct a pat down search of the passenger if the officer "reasonably believes that the detained individual might be armed and dangerous." *Holeman v. City of New London*, 425 F.3d 184, 191 (2d Cir. 2005) (internal quotation marks omitted) (citing *Terry v. Ohio*, 392 U.S. 1, 27 (1968) (holding that there is "a narrowly drawn authority to permit a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime.")).

A protective pat search of the passenger can be justified by the circumstances of the stop. *See*, *e.g.*, *Holeman*, 425 F.3d at 192 ("In the middle of the night, the police were in a high crime area with a convicted narcotics felon who was acting suspiciously. These facts alone suffice to support reasonableness."). Here, the Amended Complaint does not reveal any circumstances to suggest that the passenger search was in fact justified. Therefore, drawing all reasonable inferences in Plaintiff's favor, the Court finds that this claim is sufficient to proceed to service against Torpey.

Plaintiff further contends that Torpey used excessive force when he "groped" Plaintiff's genitals during the search. While "brief contact with an arrestee's . . . genital area during a pat-down, without more, is insufficient to violate the Fourth Amendment," *Scalpi v. Amorim*, No. 14 Civ. 2126 (KMK), 2018 WL 1606002, at *18 (S.D.N.Y. Mar. 29, 2018) (collecting cases), considering Plaintiff's allegation that Torpey "groped" him under his clothing, this claim is sufficient to proceed to service.

**B.     False Arrest**

Finally, Plaintiff briefly states that Torpey falsely arrested him on "false drug charges." ECF No. 7 at 9.

Under New York law, a false arrest claim must present allegations that the plaintiff was "intentionally confined" without consent and justification. *See Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir. 1996); *Broughton v. State,* 37 N.Y.2d 451, 456, *cert. denied*, 423 U.S. 929 (1975). A § 1983 claim for false arrest rests on the Fourth Amendment right of an individual to be free from unreasonable seizures by arrest without probable cause. *See, e.g., Lennon v. Miller,* 66 F.3d 416, 423 (2d Cir. 1995). The existence of probable cause to arrest constitutes justification and "is a complete defense to an action for false arrest." *Bernard v. United States,* 25 F.3d 98, 102 (2d Cir. 1994) (finding that a plaintiff alleging false arrest must show that his "confinement was not otherwise privileged.").

Here, drawing all plausible inferences in Plaintiff's favor from the totality of his alleged encounter with Torpey, the Court will permit this claim to proceed to service.

## **CONCLUSION**

For the reasons set forth above, the Clerk of Court is directed to cause the United States Marshals Service to serve copies of the Summons, Amended Complaint, and this Order upon Defendant Torpey, without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor.

The Clerk of Court forward a copy of this Order by email to Ted O'Brien, Assistant Attorney General in Charge, Rochester Regional Office at Ted.OBrien@ag.ny.gov.

Pursuant to 42 U.S.C. § 1997e(g), Defendant is directed answer the Amended Complaint.

SO ORDERED.

_____
FRANK P. GERACI, JR.
UNITED STATES DISTRICT JUDGE

DATED:   February 3, 2020
         Rochester, NY