UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANDREW J. MURRAY,

                                   Plaintiff,                       Case # 19-CV-6453-FPG

v.

                                                                       DECISION & ORDER

TROOPER C.A. TORPEY,

                                  Defendant.
_____

## INTRODUCTION

*Pro se* Plaintiff Andrew J. Murray brings this civil rights action against Defendant Trooper C.A. Torpey. ECF No. 7. His claims arise out of a traffic stop conducted by Defendant in February 2019. Presently before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] ECF No. 10. For the reasons that follow, Defendant's motion is GRANTED IN PART and DENIED IN PART.

## LEGAL STANDARD

A complaint will survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) when it states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim for relief is plausible when the plaintiff pleads sufficient facts that allow the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the Court is not required to accord "[l]egal conclusions,

---

[1] Plaintiff did not file an opposition to Defendant's motion. Nevertheless, "[e]ven when a *pro se* plaintiff fails to oppose a motion to dismiss, the [district] court must still determine whether the complaint states a claim upon which relief may be granted." *Chandler v. City of New York*, No. 17-CV-4030, 2018 WL 3387199, at *2 (S.D.N.Y. May 14, 2018).

1

deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007). Although a court "is generally limited to the [complaint] when considering" a motion to dismiss, it may also consider "matters of which judicial notice may be taken," including public records evidencing an individual's conviction. *Magnotta v. Putnam Cty. Sheriff*, No. 13-CV-2752, 2014 WL 705281, at *3 (S.D.N.Y. Feb. 24, 2014)).

## BACKGROUND

The following facts are taken from the amended complaint, unless otherwise noted. On February 8, 2019, Plaintiff was a passenger in a vehicle that pulled into a service station in Rochester. At that time, Defendant—a New York State Trooper—was in a police cruiser that was parked in the service station. Plaintiff alleges that Defendant exited the cruiser, approached the vehicle, opened the passenger-side door, and "pulled [him] out of the vehicle." ECF No. 7 at 8. Defendant handcuffed Plaintiff and began to pat frisk him. When Plaintiff protested, Defendant responded that he should "keep [his] mouth shut or [he'll] regret it" and threatened to "add more charges" against Plaintiff. *Id.*

At one point during the pat frisk, Defendant reached his hand into Plaintiff's underwear and "groped [his] penis and testicles." *Id.* The groping occurred in view of "other service station patrons and onlookers." *Id.* In response, Plaintiff "jerked his waist back" and Defendant removed his hand. Defendant then brandished his firearm, pointing it at onlookers and "shout[ing] at them to move on theres [sic] nothing to see." *Id.* at 9. Plaintiff alleges that, ultimately, Defendant falsely arrested him on a drug charge.

2

In June 2019, Plaintiff brought the present action. ECF No. 1. It appears that, at that time, Plaintiff's drug charge was still pending. However, based on a Certificate of Disposition provided by Defendant with his motion, in August 2019, Plaintiff pleaded guilty to criminal possession of a controlled substance in connection with the incident. *See* ECF No. 10-1 at 4. Plaintiff did not submit a response disputing Defendant's proffer.

In December 2019, Plaintiff filed an amended complaint. He alleges four constitutional violations: (1) illegal search and seizure; (2) excessive force; (3) false arrest; and (4) "free speech." ECF No. 7 at 5.

## DISCUSSION

Defendant moves to dismiss the complaint, arguing that (1) the complaint fails to state a claim for false arrest; and (2) the remaining claims must be dismissed by virtue of the rule in *Heck v. Humphrey*, 512 U.S. 477 (1995). The Court analyzes each issue in turn.

**I.   False Arrest Claim**

"The elements of a claim of false arrest under § 1983 are substantially the same as the elements of a false arrest claim under New York law." *Maron v. Cty. of Albany*, 166 F. App'x 540, 541 (2d Cir. 2006) (summary order) (internal quotation marks omitted). "[U]nder New York law, the elements of a false arrest claim are: (1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Id.* "The existence of probable cause to arrest" renders the confinement privileged "and is a complete defense to an action for false arrest." *Horvath v. City of New York*, No. 12-CV-6005, 2015 WL 1757759, at *3 (E.D.N.Y. Apr. 17, 2015).

3

Furthermore, "[a] valid prosecution resulting in conviction is conclusive evidence that probable cause existed for an arrest." *Id.*

Here, it is undisputed that Plaintiff's arrest resulted in a guilty plea to criminal possession of a controlled substance. This fact establishes that "he was engaged in some unlawful activity for which the police could properly take him into custody." *Bellamy v. Hanley*, No. 12-CV-1432, 2014 WL 524077, at *3 (E.D.N.Y. Feb. 7, 2014) (collecting cases). Because Plaintiff "has been convicted of the crime for which he was arrested," he "cannot state a claim for false arrest." *Faltine v. Murphy*, No. 15-CV-3961, 2016 WL 3162058, at *4 (E.D.N.Y. June 3, 2016) (collecting cases).

The false-arrest claim is therefore dismissed.

### II. *Heck* Bar

In *Heck v. Humphrey*, the Supreme Court adopted the following rule:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Amaker v. Weiner*, 179 F.3d 48, 51 (2d Cir. 1999) (quoting *Heck*, 512 U.S. at 487). In effect, the rule prevents an individual from using a civil tort action as a vehicle to challenge the validity of a criminal judgment. *See Bonano v. Staniszewski*, No. 12-CV-5879, 2016 WL 11263168, at *6 (E.D.N.Y. Sept. 2, 2016) (stating that "a civil rights action under 42 U.S.C. § 1983 cannot be used to challenge a state conviction").

The analysis of whether a § 1983 claim "would necessarily imply the invalidity of any conviction . . . is inherently a factual one." *Covington v. City of New York*, 171 F.3d 117, 122 (2d Cir. 1999). Ordinarily, claims of excessive force are not barred under *Heck*, since "a finding that

4

the police used excessive force is collateral to the grounds for conviction and does not usually cast doubt upon the basis and admissibility of evidence used to establish a criminal conviction." *McKay v. East Hartford Police Dep't*, No. 16-CV-1954, 2017 WL 4247383, at *3 (D. Conn. Sept. 25, 2017). *Heck* would not bar an excessive force claim "unless the facts actually determined in his criminal convictions that were necessary to the judgment of conviction are incompatible with the claim of excessive force being raised in the subsequent civil suit." *Hamlin v. McMahon*, No. 17-CV-1520, 2019 WL 6619342, at *7 (D. Conn. Dec. 5, 2019) (internal quotation marks omitted).

Similarly, a claim that a police officer conducted an illegal search is barred by *Heck* if the plaintiff's conviction "hinged directly on the [evidence] procured during [the] allegedly unlawful search." *Black v. Blackmun*, No. 11-CV-2372, 2011 WL 6019394, at *2 (E.D.N.Y. Dec. 1, 2011); *see also Bogle v. Melamed*, No. 09-CV-1017, 2012 WL 1117411, at *3 (E.D.N.Y. Mar. 30, 2012) ("A finding that the searches pursuant to which the [evidence] were procured were unlawful would necessarily imply the invalidity of the underlying conviction."). In other words, "[i]f the plaintiff was convicted based on the property unlawfully seized . . . and that conviction remains valid, then the plaintiff's unlawful search . . . claim will be barred by *Heck*." *Toliver v. City of New York*, No. 10-CV-3165, 2011 WL 4964665, at *5 (S.D.N.Y. Oct. 18, 2011). But "claims for unlawful search and seizure are not inevitably barred by *Heck*." *Id.* The applicability of *Heck* depends on the relationship between the allegedly unlawful search and the basis for the conviction. *See El v. City of New York*, No. 14-CV-9055, 2015 WL 1873099, at *4 (S.D.N.Y. Apr. 23, 2015) (collecting cases).

The Court declines to dismiss either the excessive-force or illegal-search claim based on *Heck.* As to Plaintiff's claim of excessive force—*i.e.*, the unnecessary groping of his genitalia—

5

there appears to be no relationship between Defendant's alleged conduct and Plaintiff's drug conviction. Defendant fails to explain how Plaintiff's admitted possession of a controlled substance is incompatible with his claim that Defendant groped his genitals during the pat frisk. Based on the present record, the excessive force claim does not imply the invalidity of Plaintiff's conviction.[2]

As for Plaintiff's claim that Defendant conducted an illegal search—*i.e.*, the unjustified pat frisk—the record is insufficient to determine whether that claim necessarily implies the invalidity of his conviction. Plaintiff does not allege that the drugs were found during the frisk—indeed, he does not allege that drugs were found at any time during the encounter—and so it is unclear whether his present claim is incompatible with his guilty plea. Accordingly, the Court declines to dismiss the illegal-search claim at this time. Defendant is free to re-raise this issue once the record is more fully developed.

## III.  Free Speech Claim

There is one final matter that the Court must address, though Defendant does not raise it in his motion. In the amended complaint, Plaintiff alleges that Defendant's conduct violated his right to "free speech." ECF No. 7 at 5. This claim seems to refer to the allegation that, when Plaintiff

---

[2] Defendant argues in the alternative that Plaintiff has failed to state an excessive-force claim, as "brief contact" with an arrestee's "genital area" is insufficient to violate the Fourth Amendment. ECF No. 10-2 at 6. But Plaintiff alleges more than brief contact; he claims that Defendant "groped [his] penis and testicles." ECF No. 7 at 8. Construing the complaint liberally, the Court concludes Plaintiff has stated a claim. *See, e.g.*, *Jackson v. Mastrangelo*, 405 F. Supp. 3d 488, 492 (W.D.N.Y. 2019) (stating that claim of sexual misconduct during a seizure is cognizable under the Fourth Amendment and finding complaint sufficient, where plaintiff alleged that officer grabbed and pulled his "genitals for no apparent reason other than taunting [him]"); *Spencer v. Sullivan Cty.*, No. 18-CV-365, 2019 WL 4514011, at *6 (S.D.N.Y. Sept. 19, 2019) (allegations that officer grabbed plaintiff's "genitals in a sexual manner" sufficient to state Fourth Amendment claim).

protested the pat frisk, Defendant told him to "keep [his] mouth shut" and threatened to "add more charges." *Id.* at 8. Thus, Plaintiff appears to be arguing that his arrest for drug possession was retaliatory.

In light of his conviction, Plaintiff's free speech claim fails. "[W]here officers have probable cause to arrest, a plaintiff's retaliatory arrest claim fails as a matter of law unless plaintiff can show that individuals whose speech differed from plaintiff's were not arrested." *McKenzie v. City of New York*, No. 17-CV-4899, 2019 WL 3288267, at *9 (S.D.N.Y. July 22, 2019) (internal quotation marks omitted). Plaintiff's guilty plea establishes probable cause for his arrest, *see Bell v. Drakeford*, No. 18-CV-2225, 2020 WL 1819879, at *5 (S.D.N.Y. Apr. 10, 2020), and he sets forth no allegations regarding differential treatment. Therefore, this claim must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (ECF No. 10) is GRANTED IN PART and DENIED IN PART. The free-speech and false-arrest claims are dismissed. The only surviving claims are Plaintiff's claims for (1) unlawful pat frisk and (2) excessive force. Defendant shall file an answer to the amended complaint by May 8, 2020.

IT IS SO ORDERED.

Dated: April 24, 2020
      Rochester, New York

                                                            HON. FRANK P. GERACI, JR.
                                                            Chief Judge, United States District Court