UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANDREW J. MURRAY

                                  Plaintiff,

      v.

TROOPER C.A. TORPEY,

                                Defendant.
_____

REPORT & RECOMMENDATION

19-CV-6453FPG

**PRELIMINARY STATEMENT**

Plaintiff Andrew J. Murray initiated this action *pro* se on June 21, 2019, asserting claims under 42 U.S.C. § 1983. (Docket ## 1, 7). By Order of the Hon. Frank P. Geraci, Jr., Chief United States District Judge, dated May 11, 2020, all pretrial matters in the above captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B). (Docket # 24). Currently pending before the Court is a motion to dismiss filed by the defendant, which Judge Geraci has referred to this Court for report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B). (Docket ## 27, 28).

Beginning in February 2020, mailings from the Court to Murray were returned as undeliverable. (Docket ## 12, 13). By Order dated March 5, 2020, Judge Geraci informed Murray that Rule 5.2(d) of the Local Rules of Civil Procedure required him to keep the Court informed of his current address. (Docket # 14). Judge Geraci also informed Murray that his case would be dismissed with prejudice if he failed to do so. (*Id.* ("[i]f the plaintiff fails to provide an address . . . , the Clerk of the Court is directed to close this case as dismissed with prejudice without further order")). The order was mailed to Murray, but returned as undeliverable.

(Docket # 15). In a letter received by the court on March 19, 2020, Murray advised that he was currently incarcerated at the Monroe County Jail and that his home address was 175 Avenue E, Rochester, New York (the "Avenue E address"). (Docket # 16).

Following the defendant's answer and Judge Geraci's referral of the action to this Court, on July 24, 2020, this Court scheduled a Rule 16 conference to be held on September 2, 2020, at 10:00 a.m. (Docket # 24 and July 24, 2020 Notice). Both the Referral Order and the Rule 16 Notice were mailed to Murray at the Monroe County Jail and were returned as undeliverable. (Docket ## 25, 31). The Notice was also sent to Murray at the Avenue E address he had provided, but that too was returned as undeliverable. (Docket # 26). The Court contacted officials at the Monroe County Jail on August 5, 2020 via email to arrange Murray's access to a phone in order to participate in the Rule 16 conference, but was informed that Murray was no longer in custody. On September 2, 2020, Assistant Attorney General Gary M. Levine, counsel for defendant, appeared by telephone for the scheduled conference, but plaintiff did not appear. (Docket # 29). On September 4, 2020, defendant filed the pending motion seeking dismissal of the action for Murray's failure to prosecute and for his failure to keep the Court apprised of his current address. (Docket # 27).

On September 8, 2020, Judge Geraci issued a text order referring the motion to this Court for report and recommendation. (Docket # 28). A copy of that order was mailed to Murray at the Monroe County Jail and returned as undeliverable. (Docket # 32). On September 11, 2020, this Court issued a motion scheduling order directing any response to the motion to dismiss be filed on or before October 2, 2020. (Docket # 30). Again, a copy of the order was mailed to Murray at the Monroe County Jail and returned as undeliverable. (Docket ## 30, 33). The order was also mailed to Murray at the Avenue E address. (*See* Docket Entry dated

September 11, 2020). Murray did not oppose the pending motion, has not provided the Court with notice of his current address, and has not contacted the Court or otherwise participated in this litigation in over six months.

On this record, the Court recommends that this action be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the dismissal of an action for failure to prosecute, providing in relevant part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Although the rule refers to dismissal upon motion of a defendant, the Supreme Court has made clear that a court also has the inherent authority to dismiss an action *sua sponte*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *see also Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993); *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir.), *cert. denied*, 384 U.S. 1007 (1966). In addition, the Local Rules of Civil Procedure for the United States District Court for the Western District of New York provide that "a *pro se* litigant must inform the Court immediately, in writing, of any change of address[;] [f]ailure to do so may result in dismissal of the case, with prejudice." W.D.N.Y. Local Rule 5.2(d).

3

Dismissal is warranted under Rule 41(b) where the record demonstrates a lack of due diligence by a plaintiff in the prosecution of his lawsuit. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Moreover, "prejudice resulting from unreasonable delay may be presumed as a matter of law." *Peart v. City of N.Y.*, 992 F.2d 458, 462 (2d Cir. 1993); *Charles Labs, Inc. v. Banner*, 79 F.R.D. 55, 57 (S.D.N.Y. 1978) ("[t]he operative condition on a Rule 41(b) motion is lack of due diligence on the part of the plaintiff, 'not a showing by defendant that it would be prejudiced'") (quoting *Messenger v. United States*, 231 F.2d 328, 331 (2d Cir. 1956)). Dismissal is considered "a harsh remedy to be utilized only in extreme situations." *See Minnette v. Time Warner*, 997 F.2d at 1027 (internal quotations omitted). Nevertheless, applying these standards, courts frequently have found dismissal of a complaint justified when the plaintiff fails to take any specific or concrete actions over a substantial length of time. *See*, *e.g.*, *Fischer v. Dover Steamship Co.*, 218 F.2d 682, 683 (2d Cir. 1955) (plaintiff's failure to appear for deposition noticed seven months earlier, despite court order requiring his appearance, justified dismissal for failure to prosecute); *Oliver v. Sticht*, 2017 WL 3621984, *3 (W.D.N.Y. 2017) (dismissal warranted where *pro se* plaintiff failed to attend deposition or respond to motion to dismiss and had not contacted court in twelve months); *Myvett v. Rosato*, 2004 WL 1354254, *2 (S.D.N.Y. 2004) ("[t]hat nearly a year has elapsed since [*pro se* plaintiff] took any steps to prosecute this case, such as responding to outstanding discovery requests, strongly counsels in favor of dismissal"); *West v. City of N.Y.*, 130 F.R.D. 522, 525-26 (S.D.N.Y. 1990) (*pro se* plaintiff's inactivity for nineteen months warranted dismissal for failure to prosecute) (citing *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664 (2d Cir. 1980) and other cases).

4

In the case at bar, Murray has not communicated with the Court since he filed a motion for appointment of counsel in April 2020. (Docket # 19). He failed to appear for the court-ordered Rule 16 conference. (Docket # 29). He repeatedly failed to keep the Court apprised of his mailing address, despite the issuance of an order warning him that his failure to do so would result in dismissal of the action. (Docket # 14). During the last five months, the vast majority of the Court's mailings to Murray have been returned as undeliverable, and he has made no attempt to contact the Court or prosecute this matter. (Docket ## 25, 26, 31, 32, 33).

As several courts have noted, "[i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions." *Gomez-Ka'Dawid v. Wright*, 2013 WL 1103208, *1 (W.D.N.Y. 2013) (collecting cases). "The Second Circuit has emphasized the importance of first giving the *pro se* litigant a direct warning that his case will be dismissed for failure to prosecute." *Id.* at *2. In this case, Judge Geraci's March 5, 2020 Order explicitly advised Murray of the possibility of dismissal if he did not keep the Court informed of his mailing address. That it was returned because Murray failed to update his address cannot insulate Murray from the consequences of his delinquency. Additionally, "[f]urther attempts to notify [Murray] would be futile as the Court has no means by which to contact [Murray]." *Id.* On this record, I find that Murray's actions demonstrate the level of prosecutive delinquency justifying dismissal.

## **CONCLUSION**

For the foregoing reasons, I recommend that the district court grant the defendant's motion to dismiss (Docket # 27) and dismiss this action with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       October 26, 2020

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.  *See*, *e.g.*, *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

> *s/Marian W. Payson*
> MARIAN W. PAYSON
> United States Magistrate Judge

Dated: Rochester, New York
       October 26, 2020